UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

        Plaintiff,

                              Case No. 16-20211
vs.                             HON. GEORGE CARAM STEEH

JOSETTE BUENDIA,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR BOND PENDING APPEAL (DOC. 37)

Defendant Josette Buendia was convicted of conspiracy to commit federal program bribery and federal program bribery, and sentenced to 24 months in prison. (Doc. 26). Buendia appealed her conviction to the Court of Appeals for the Sixth Circuit. (Doc. 36). This matter is presently before the Court on Buendia's motion for bond pending appeal. (Doc. 37). For the reasons stated below, Buendia's motion is DENIED.

## I. FACTS

Buendia was the principal of Bennett Elementary School. She was charged in a superseding indictment with one count of conspiracy to commit federal program bribery in violation of 18 U.S.C. §§ 371 and 666,

- 1 -

and two counts of federal program bribery in violation of 18 U.S.C. § 666. 18 U.S.C. § 666 requires an individual to act "corruptly."

Jury trial commenced on December 6, 2016. Buendia argued that she did not act with a corrupt intent because she did not intend to be influenced or rewarded for personal gain. Buendia highlighted this argument in her opening statement, throughout cross examination of Government witnesses, and in her case in chief. During the latter, Buendia offered binders of receipts to argue that she spent the bribery funds on schoolchildren. Buendia called Shirley Austin, her former colleague and friend, to authenticate the receipts and establish them as business records pursuant to Fed. R. Evid. 803(6). (Doc. 46 at PageID 1155-64). The Government *voir dired* Austin regarding the proposed exhibits and objected on the basis of hearsay. The Court sustained the objection.

The jury found Buendia guilty of all three charges on December 9, 2016. (Doc. 26). Buendia remained on bond pending sentencing. On June 1, 2017, the Court sentenced Buendia to 24 months of imprisonment. (Doc. 35 at PageID 552-53). Buendia remained on bond and was permitted to self-report to the U.S. Bureau of Prisons.

## II. Legal Standard

Release pending appeal is governed by 18 U.S.C. 3143(b). The Sixth Circuit recognizes a presumption against post-conviction release. *United States v. Vance*, 851 F.2d 166, 168-70 (6th Cir. 1988). A defendant bears the burden to overcome the presumption of detention. *United States v. Chilingarian*, 280 F.3d 704, 709 (6th Cir. 2002). As such, a defendant must demonstrate evidence permitting the Court to find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. § 3143(b)(1)(A), and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in – (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B).

## III. Analysis

Buendia is not likely to flee or pose a danger to the safety of any other person or the community. The Court recognized this when it permitted her to remain on bond pending sentencing. The Government does not challenge this finding.

The parties contest whether Buendia's motion was filed for the purpose of delay. Buendia asserts that she initiated her appeal prior to requesting bond, and that she will pursue it regardless of the Court's decision on this motion. The Government states that Buendia was permitted to remain on bond pending, and during, trial as well as sentencing. Buendia received a sentence below her Sentencing Guideline range of 63-78 months, and was permitted to self-report to the U.S. Bureau of Prisons. As such, the Government claims that Buendia has already been afforded every consideration, and her motion is merely an attempt to delay the inevitable service of her sentence. The Court finds that Buendia's appeal is not solely for the purpose of delay.

The Court, therefore, proceeds to the question of whether Buendia raises a substantial question of law or fact likely to result in reversal, a new trial, sentence without a term of imprisonment, or reduced sentence. For the reasons explained below, the Court finds that Buendia fails to raise such a question.

A trial court's evidentiary rulings are reviewed for abuse of discretion. *G.R. v. Joyner*, 622 U.S. 136, 141 (1997). There is no substantial question regarding whether the Court abused its discretion when ruling that Buendia's proposed exhibits did not meet the requirements of Fed. R. Evid.

803(6). Pursuant to Fed. R. Evid. 803(6), records of a regularly conducted activity are not excluded by the rule against hearsay so long as:

> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Austin testified that she is a retired clerical worker at Bennett Elementary who had worked with Buendia for three years. (Doc. 46 at PageID 1152-53). Austin stated that she assembled the binders filled with receipts. (Doc. 46 at PageID 1157). Buendia alleges that Bennett Elementary used a reimbursement system in which employees placed receipts in an envelope stored in a school office. (Doc. 46 at PageID 1155-57). Austin, however, did not collect the receipts at issue from Bennett Elementary. (Doc. 46 at PageID 1157). Following her indictment, Buendia was permitted to enter her office in Bennett Elementary to collect her

materials. (Doc. 46 at PageID 1161). Buendia collected the receipts at that time, (*Id.)*, brought them to her home, (Doc. 46 at PageID 1161), and thereafter provided them to Austin, (Doc. 46 at PageID 1157). Austin stated that she did not inspect the materials that Buendia provided, but merely assumed that they were the same receipts kept at Bennett Elementary. (Doc. 46 at PageID 1161).

Austin's testimony does not establish that the proposed exhibits are business records admissible pursuant to Fed. R. Evid. 803(6). The binders full of receipts were not made at or near the time by – or from information transmitted by - someone with knowledge. They were made some time later by Austin, who did not inspect the receipts and could not confirm that they were, in fact, the same materials present at Bennett Elementary. The binders were not kept in the course of a regularly conducted activity of Bennett Elementary, but rather, assembled in preparation for Buendia's trial. (Doc. 46 at PageID 1157-58). Although some of the receipts may have come from the alleged envelope storage system used at Bennett Elementary, Austin could not specify which receipts were maintained in this manner. She merely assumed that the receipts Buendia provided were the same receipts present in the Bennett Elementary office. (Doc. 46 at PageID1161). Assumptions are not personal knowledge. Austin,

therefore, is not a qualified witness as required by Fed. R. Evid. 803(6)(D). Finally, the Government showed that the proposed exhibits are untrustworthy because the binders were assembled in preparation for trial by Buendia's friend.

Buendia further argues that the Government waived its objection by not objecting at earlier points in trial, including her opening statement. She also cites Fed. R. Evid. 103(a) to claim that the Court erred in excluding her proposed exhibits because the ruling affected her substantial rights and the Government failed to timely object. The Government responds that although she may have mentioned the receipts throughout trial, Buendia did not move to admit them until Austin's testimony. The Government asserts, therefore, that it could not have raised its Fed. R. Evid. 803(6) objection until Austin's testimony, and doing so at that moment was timely. The Court agrees with the Government.

As such, the Court finds that Buendia's appeal does not raise a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

## IV. Conclusion

For the reasons stated above, Buendia's motion for bond pending appeal is DENIED.

IT IS SO ORDERED.

Dated: August 1, 2017

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 1, 2017, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk